SHAHOOD, Judge.
Appellant, John W. Henry (“Henry”), challenges the Final Judgment entered in favor of appellee, Ampro Systems Corporation (“Ampro”) following a jury trial and the denial by the trial court of appellant’s motion for relief from verdict. We affirm the trial court’s ruling under the authority of Junger Utility & Paving Co. v. Myers, 578 So.2d 1117 (Fla. 1st DCA1989).
*180 In this ease, appellant filed an action against Entertainment Designs, Inc. (“Entertainment”) and Ampro in a contractual dispute. The law firm of Mershon, Sawyer, Johnston, Dunwody & Cole (“Mershon, Sawyer”) initially represented appellee, Entertainment, until Entertainment made an offer of judgment in March 1996. At the time of the filing of the offer of judgment, the West Palm Beach office of Mershon, Sawyer had become part of Akerman, Senterfitt & Edison, P.A. (“Akermari Senterfitt”). Entertainment’s offer of judgment was accepted by appellant on April 11,1996.
The remaining litigant, Ampro, through its initial law firm of Bull, Morían, Simpson & Stovash, P.A., made an offer of judgment for $1,000 to Henry. Henry rejected Ampro’s offer of judgment by letting it expire without acceptance.
In October 1996, Bull, Moran, Simpson & Stovash, P.A. withdrew as Ampro’s counsel of record and was replaced by Akerman Sen-terfitt, former counsel for Entertainment. Akerman Senterfitt continued representing Ampro through the rendition of the jury verdict in favor of Ampro on Henry’s complaint and for one dollar in favor of Ampro on its counterclaim.
Following the jury verdict, Ampro filed a Motion to Assess Attorney’s Fees and to Tax Costs pursuant to its Offers of Judgment. Subsequent thereto, Henry filed a Motion for Relief from Verdict claiming that at the time Akerman Senterfitt’s West Palm Beach office replaced Ampro’s counsel in October 1996, Akerman’s Miami office had been representing Henry in other unrelated legal matters since 1994. Thus, Henry alleged that Aker-man Senterfitt engaged in a violation of the Florida Bar Code of Professional Conduct by failing to notify Henry of the conflict and obtain written permission to allow the dual representation. Henry claimed that he did not learn of Akerman Senterfitt’s dual representation until after the jury rendered its verdict.
The trial court denied Henry’s Motion for Relief from Verdict based on the authority of Junger Utility & Paving Co., Inc. v. Myers, 578 So.2d 1117 (Fla. 1st DCA 1989), which required that actual prejudice be demonstrated by the moving party seeking to vacate a judgment after a verdict had been rendered based on an attorney’s conflict of interest.
In this case, appellant seeks to set aside the final judgment based on Akerman Sen-terfitt’s dual representation of Ampro and Henry. There is no dispute that Akerman Senterfitt performed its requisite “conflicts cheek” prior to undertaking its representation of Ampro and said check did not reveal the potential conflict. It is uncontroverted, and Henry readily admits, that the conflict was not discovered by either party until after the rendering of the verdict, and that Aker-man Senterfitt did not purposely violate the rule of professional conduct. Notwithstanding Henry’s inability to establish that his case was prejudiced by the conflict, he nevertheless maintains that the final judgment should be set aside because “Akerman & Senterfitt’s actions were clearly prejudicial to the administration of justice.”
In Junger, Junger was represented by counsel on other matters at the time of the accident which formed the basis for the personal injury action. He obtained the advice of his counsel regarding the accident. Thus, an attorney-client relationship existed between Junger and the firm with respect to the accident. The firm continued to represent Junger on another matter, and only later indicated its desire to represent the plaintiff in the personal injury action. Jun-ger dismissed the firm when it was discovered that the firm was representing the plaintiffs. The firm then filed the personal injury complaint against Junger.
Junger filed a motion to disqualify the law firm and a hearing was held on the same. In a written order, the trial court denied Jun-ger’s motion to disqualify plaintiff’s counsel and Junger did not seek interlocutory review of the order.
In affirming the final judgment, the Jun-ger court set forth the following standard for determining the appropriateness of a motion to disqualify:
To disqualify a private law firm from representing a party whose interests are adverse, the former client need show only *181 that an attorney-client relationship existed, thereby giving rise to the irrefutable presumption that confidences were disclosed during the course of that relationship, and that the matter in which the law firm subsequently represented the interest adverse to the former client is the same matter or substantially similar to the matter in which it represented the former client.
578 So.2d at 1118; see also State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 680, 632 (Fla.1991).
The court explained that Junger would not have had to show actual prejudice to justify disqualification of opposing counsel had there been interlocutory review of the trial court’s order. Junger, 578 So.2d at 1119. However, once the parties proceeded through trial, a showing of prejudice is required in order to reverse the final judgment. See id.
The facts in this case go beyond that contemplated by the Junger court and warrant a demonstration of actual prejudice in order to reverse the final judgment. Unlike Junger, where the dual representation was known to the litigants and the court prior to the ultimate disposition by the court, in this ease, the appellant, and subsequently the trial court, did not become aware of the conflict until after the rendition of the jury verdict. As Henry was unable to demonstrate actual prejudice by Akerman Senterfitt’s dual representation, we accordingly affirm the trial court’s denial of the motion for relief from verdict.
AFFIRMED.
GLICKSTEIN and WARNER, JJ., concur.